IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM L. ANDERSON, III,**

    Petitioner,

v.                                                                   Civil Action No. **3:17CV360**

**DIRECTOR OF V.D.O.C.,**

    Respondent.

## MEMORANDUM OPINION

William L. Anderson, III, a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 Petition (ECF No. 1). Anderson challenges his 2009 convictions for bank robbery and obstruction of justice in the Washington County Circuit Court. This Court has previously transferred two § 2254 petitions to the United States District Court for the Western District of Virginia challenging the same convictions. The district court in the Western District has previously denied another 28 U.S.C. § 2254 petition filed by Anderson challenging these Washington County convictions and found yet another § 2254 petition was successive. *See Anderson v. Dir. of VDOC*, No. 3:14CV00202, 2014 WL 12519661, at *1 (W.D. Va. April 30, 2014) (citing *Anderson v. Dep't of Corr.*, No. 7:12CV00323 (W.D. Va. Aug. 8, 2012)).

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court

has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Anderson fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 5/25/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

2